# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Geoffrey Polk,

    Plaintiff

v.

State Bar of Nevada, et al.,

    Defendants

Case No.: 2:24-cv-00625-JAD-DJA

**Order Granting Defendants' Motion to Dismiss and Granting in Part Plaintiff's Motion for Leave to File Second-Amended Complaint**

[ECF Nos. 25, 28]

    To practice law in Nevada, an attorney generally must take and pass the Nevada Bar Exam and become licensed by the State Bar of Nevada. Nevada Supreme Court Rule 49.1 carves out a narrow exception to that rule. It grants a limited-practice certification to certain categories of out-of-state attorneys who live in Nevada or will move here within the next six months.

    Geoffrey Polk is a non-Nevada-licensed lawyer who wants to be the first attorney licensed in every jurisdiction in this country. Because he doesn't want to take the Nevada bar exam, he'd like access to Nevada's bar through the limited-practice-certification process. But Polk doesn't live in Nevada and has no intention of moving here, so he sues the State Bar of Nevada, the Nevada Supreme Court, the Board of Governors of the State Bar of Nevada, the Nevada Board of Bar Examiners, and various state officers, claiming that the residency requirement in Rule 49.1 violates the Privileges and Immunities Clause of the United States Constitution.

    The defendants move to dismiss Polk's suit, and Polk responds with a motion to amend. Because Polk does not oppose the motion to dismiss and tacitly concedes that the defendants named in his first-amended complaint enjoy Eleventh Amendment immunity from suit, I grant

the defendants' motion to dismiss.  But I also grant in part Polk's motion to file a second-amended complaint, permitting him to amend his pleading to assert claims against Sydney Lisy and Richard M. Trachok II only in their official capacities.

**Background**

Plaintiff Geoffrey Polk is a lawyer who "intends and desires to be the first attorney licensed throughout the entire country."[1]  He claims that he's well on his way—having been licensed to practice law in 26 states.[2]  Polk seeks to add Nevada to that list.

The primary mode of admission to the Nevada State Bar is to sit for and pass the Nevada bar exam.  This path to practice is available regardless of residency status.[3]  But Nevada Supreme Court Rule 49.1 provides another avenue.  This limited-practice rule allows out-of-state attorneys employed in certain types of jobs to "apply for" this certification if they "[r]eside, or intend within the next six months to reside, within the State of Nevada."[4]  For example, this application process is available if the attorney is "[e]mployed exclusively as an in-house counsel for a single . . . business entity situated in or qualified to do business in Nevada, whose lawful business consists of activities other than the practice of law or the provision of legal services."[5]

Polk has neither applied for admission in Nevada nor sat for Nevada's bar exam.[6]  He represents that he "intends to apply for Nevada Limited Practice for in-house counsel."[7]  But

---

[1] ECF No. 20 at 2, ¶ 8.
[2] *Id*. at ¶ 4.
[3] ECF No. 25 at 7.
[4] Nev. Sup. Ct. R. 49.1(1), (2)(f).
[5] Nev. Sup. Ct. R. 49.1(1)(h).
[6] ECF No. 32 at 5 n.3.
[7] ECF No. 20 at 3, ¶ 10 (cleaned up).

Polk has no "intention to reside in Nevada."[8]  So he sues the State Bar of Nevada, the Nevada Supreme Court, the Nevada Board of Bar Examiners, the Chair of the Nevada Board of Bar Examiners, the Board of Governors of the State Bar of Nevada, and the President of the Board of Governors of the State Bar of Nevada, seeking both a declaration that the limited-practice rule's residency requirement violates the U.S. Constitution's Privileges and Immunities Clause and a mandatory injunction compelling the defendants to allow him to apply for the certificate "irrespective of any residency requirement."[9]

      The defendants move to dismiss Polk's operative complaint, arguing that he lacks standing to bring it, his claims are not ripe, and Polk fails to state a claim upon which relief may be granted.[10]  They add that this action is barred by the Eleventh Amendment, which immunizes arms of the state and state employees sued in their official capacities from suit in federal court.[11] Polk did not oppose the defendants' motion to dismiss and instead filed a motion for leave to file a second-amended complaint.[12]  His proposed amended complaint reframes his constitutional claim as one brought under 42 U.S.C. § 1983 and substitutes the state-entity defendants with individuals who work in those offices in an attempt to overcome the Eleventh Amendment bar. The defendants oppose Polk's amendment request.[13]

---

[8] *Id.* at ¶ 12.
[9] ECF No. 20 at 6, ¶ 39.
[10] ECF No. 25 at 6–10, 14–15.
[11] *Id*. at 10–14.
[12] ECF No. 28.
[13] ECF No. 30.

**Discussion**

**A.     Defendants' unopposed motion to dismiss is granted.**

Polk does not oppose the defendants' motion to dismiss.[14] And he tacitly concedes that that the entities and offices he names in his first-amended complaint are immune from suit under the Eleventh Amendment by seeking to amend to swap in "the names of certain individual defendants" to meet the narrow exception—known as "the *Ex parte Young* exception,"[15] which permits an injunctive-relief suit against a state officer responsible for enforcing an illegal law. So I grant the defendants' unopposed motion to dismiss the claims against all defendants named in his first-amended complaint based on sovereign immunity.

**B.     Polk's motion to file a second-amended complaint is granted in part.**

Rather than responding to the defendants' motion to dismiss, Polk seeks leave to file a second-amended complaint. That proposed amended pleading primarily deletes the previously sued defendants and replaces them with the names of the four individuals: Director of Admissions of the State Bar of Nevada Sydney Lisy; Assistant Director of Admissions of the State Bar of Nevada Dean Fernandez; Clerk of the Supreme Court of Nevada Elizabeth Brown; and Chair of the Nevada Board of Bar Examiners Richard M. Trachok II. It also adds some factual allegations and a clarified claim.

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has construed this rule

---

[14] This alone is a sufficient basis to grant the motion to dismiss. *See* L.R. 7-2(d) (noting that the "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion").

[15] ECF No. 32 at 4 (cleaned up).

broadly, requiring that leave to amend be granted with "extreme liberality."[16]  With this standard in mind, a court may consider "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."[17]  "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[18]  The burden is on the party opposing the motion to amend to show that these factors are present.[19]  The Supreme Court has counseled that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[20]

        The defendants ask the court to deny leave.  They do not argue that Polk's request is in bad faith or that it would cause undue delay or prejudice.  Instead they contend that Polk's proposed amendment would be futile because his claims against the individually named defendants are barred by the Eleventh Amendment,[21] Polk lacks standing to sue, and he fails to state a claim upon which relief may be granted.[22]

---

[16] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)).

[17] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Griggs v. Dale Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

[18] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (cleaned up).

[19] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[21] ECF No. 30 at 6.

[22] *Id.* at 7–9.

### 1. *Replacing the entity defendants with named individuals cures Polk's Eleventh Amendment problem for some.*

The Eleventh Amendment to the United States Constitution immunizes states and their agencies from suit in federal court.[23]  In *Ex parte Young*, the United States Supreme Court "recognized an important exception" to this sovereign immunity: a plaintiff can bring a federal suit for prospective injunctive or declaratory relief against named state officers in their official capacity so long as they have "a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power of the persons responsible for enforcing'" the challenged state law.[24]  This connection "must be fairly direct."[25]

Polk swaps out the titles of state officials for their individual names in his proposed second-amended complaint in an effort to trigger this *Ex parte Young* exception.[26]  In opposing Polk's amendment request, the defendants contend that this swap-out doesn't solve the problem because Polk doesn't allege sufficient facts to trigger the *Ex parte Young* exception.[27]

The defendants are right that Polk's allegations are insufficient to trigger the *Ex parte Young* exception for claims against Nevada Supreme Court Clerk Elizabeth Brown.  The hook Polk alleges for Brown is Nevada Supreme Court Rule 49(8), which grants "[t]he board of bar examiners, the clerk of the supreme court, and the admissions director" the authority to "'jointly

---

[23] *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

[24] *Mecinas v. Hobbs*, 30 F.4th 890, 903–04 (9th Cir. 2022) (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)).

[25] *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

[26] *See* ECF No. 32 at 4–5.

[27] ECF No. 30 at 6.

define, adopt[,] and publish specific administrative policies, procedures[,] and guidelines."[28] But as the defendants argue, this enforcement authority doesn't show that Brown, as the Nevada Supreme Court Clerk, has the power to enforce the limited-practice rule that Polk challenges.[29] Rule 49(8) gives the clerk the authority to work with the bar examiners and the admissions director to promulgate rules that ensure "timely and efficient admissions," fair administration of the bar exam, and procedures to communicate with applicants about admissions requirements. But it doesn't give her the authority to enforce the limited-practice rule or make admissions decisions based on it, and Polk points to no other authority to suggest that Brown has that enforcement authority. So I find that allowing Polk to amend his complaint to sue Brown would be futile because the claim against her would be barred by Eleventh Amendment immunity.

Polk's proposed second-amended complaint would also bring in Richard M. Trachok II, the Chair of the Nevada Board of Bar Examiners. To trigger the *Ex parte Young* exception for Trachok, Polk cites Nevada Supreme Court Rule 50, which says that the Board of Bar Examiners has "the power to examine applicants pursuant to Rule 49."[30] And, according to Rule 49, the Board of Bar Examiners "ha[s] the power to fix and determine the qualifications for admission to practice law in the state."[31] Because it appears from these allegations that Trachok may have "a relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing'" the limited-practice rule, I cannot conclude that adding Trachok would be futile.

---

[28] ECF No. 28-1 at 4 (citing Nev. Supr. Ct. R. 49(8)).
[29] ECF No. 30 at 7 n.1.
[30] ECF No. 28-1 at ¶ 19.
[31] Nev. Sup. Ct. R. 49(1).

The allegations against Sydney Lisy, Director of Admissions of the State Bar of Nevada, and Assistant Director Dean Fernandez result in a split decision. Polk alleges that these defendants, "through their respective capacities as Director and Assistant Director of the State Bar of Nevada Admissions Department, have the direct duty to enforce Nev. Supr. Ct. R. 49.1, as set out in Nev. Supr. Ct. R. 49(7)."[32] Rule 49(7) does not appear to give either the Director or Assistant Director of Admissions the power to enforce the limited-practice rule, but it does give the Director of Admissions the responsibility to "administer the bar examination."[33] And Rule 49.1 states that applications for certification to practice law under the limited-practice rule "shall be filed with the admissions director of the state bar."[34] These rules don't supply the direct connection necessary to trigger the *Ex parte Young* exception for Assistant Director Fernandez, but they may be enough for Polk to sue Director Lisy, and the defendants don't address Polk's citations to them.[35] So, on this record, I cannot conclude that allowing amendment to bring an official-capacity prospective-relief claim against Sydney Lisy would be futile.

### *2.  Polk has shown standing to bring his claims as a deterred applicant.*

The defendants next contend that allowing Polk to file his proposed second-amended complaint would be futile because "he has not suffered an actual or imminent injury in fact that is concrete and particularized," so he lacks standing to bring this suit. Requiring standing "ensures that litigants have 'a personal stake in the outcome of the controversy as to justify the

---

[32] ECF No. 28-1 at 4, ¶ 18.
[33] Nev. Sup. Ct. R. 49(2).
[34] Nev. Sup. Ct. R. 49.1(3).
[35] ECF No. 30 at 7.

8

exercise of the court's remedial powers on their behalf.'"[36] To demonstrate standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[37] The injury must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical."[38] On a motion to dismiss, courts "presum[e] that general allegations embrace those specific facts that are necessary to support the claim," so "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."[39]

The defendants argue that Polk fails the first prong of standing because he has suffered no injury at all. "[I]t is simply untrue," they contend, "that the limited-practice rule stands between Polk and the practice of law in Nevada," because he has not applied under the rule, nor was he ever prevented from applying.[40] He also hasn't pursued the other available avenue to practice law in Nevada regardless of residency status: taking and passing the Nevada bar exam.[41]

Polk replies that the act of applying would be futile under these circumstances,[42] and the Ninth Circuit has consistently held that standing does not require an exercise in futility.[43] For example, in *Desert Outdoor Advertising, Inc. v. City of Moreno Valley*, it held that billboard operators had standing to challenge a permit requirement, despite not having applied for permits,

---

[36] *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 438 (2017) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).

[37] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[38] *Spokeo*, 578 U.S. at 339.

[39] *Lujan*, 504 U.S. at 561.

[40] ECF No. 25 at 6–7 (cleaned up).

[41] *Id.* at 7.

[42] ECF No. 32 at 4.

[43] *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002), *as amended* (Sept. 25, 2002).

"because . . . the ordinance flatly prohibited appellants' off-site signs."[44] So applying would have been futile.[45]

Like those billboard-permit seekers, Polk has sufficiently alleged that engaging in the application process would be futile. The limited-practice-certificate rule describes not just who may be certified, but who "may apply" for this status.[46] The rule's "Requirements" section states that "[a]n attorney applying for certification under this rule must . . . [r]eside, or intend within the next six months to reside, within the State of Nevada . . . ."[47] Polk has also alleged that he "was advised by Dean Fernandez, Assistant Director of Admissions, State Bar of Nevada-Admissions Department, via email that 'if you are not a resident of Nevada or do not intend to reside in Nevada within 6 months of submission of the limited-practice application, then you would not be eligible to apply under the rule.'"[48] So Polk's failure to submit an application and have it denied does not deprive him of standing.

Nor does the fact that there's another avenue by which Polk could be admitted to practice in Nevada show that he lacks standing. Polk's alleged injury is the inability, due to an allegedly unconstitutional rule, to seek a limited-practice certificate. The injury is in the alleged constitutional violation. So the fact that he can still meet the goal of being permitted to practice law in Nevada by taking and passing the bar exam doesn't eliminate the injury.

---

[44] *Desert Outdoor Advert., Inc. v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996).

[45] *Id.*; *accord Taniguchi*, 303 F.3d at 957 (holding that a lawful permanent resident convicted of a felony need not have applied for a discretionary waiver to have standing because "[t]o apply for the waiver would have been futile on [his] part.").

[46] *See* Nev. Sup. Ct. R. 49.1(1).

[47] Nev. Sup. Ct. R. 49.1(2) & (2)(f).

[48] ECF No. 28-1 at ¶ 11.

### 3. *Polk's claims are ripe under the firm-prediction rule.*

The defendants also suggest that failure to apply for limited-practice certification makes his suit unripe such that "a decision on it would be impermissibly advisory."[49] For a case to be ripe, it "must present issues that are definite and concrete, not hypothetical or abstract."[50] The Ninth Circuit has adopted the firm-prediction rule for suits like Polk's. Initially articulated by Justice O'Connor in her concurrence in *Reno v. Catholic Social Services*,[51] this rule provides that, "[i]f it is 'inevitable' that the challenged rule will 'operate' to the plaintiff's disadvantage—if the court can make a firm prediction that the plaintiff will apply for the benefit, and that the agency will deny the application by virtue of the rule—then there may be justiciable controversy that the court may find prudent to resolve."[52]

Illustrative of the firm prediction rule's application is *Freedom to Travel Campaign v. Newcomb*, in which the Freedom to Travel Campaign challenged restrictions on travel to Cuba from the United States, despite not having applied for the specific license subject to those restrictions. The Ninth Circuit adopted and applied the firm-prediction rule to conclude that the Campaign's claims were ripe because the court could "firmly predict that [the Freedom to Travel Campaign's] application [for a license] would be denied" if it had applied for one.[53] Because the

---

[49] ECF No. 30 at 8.

[50] *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018) (quoting *Thomas*, 220 F.3d at 1138).

[51] *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 69 (1993) (O'Connor, J., concurring).

[52] *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1436 (9th Cir. 1996) ("[W]e are free to adopt [the firm prediction rule] in this Circuit and do so now.") (citing *Reno*, 509 U.S. at 69 (O'Connor, J., concurring)).

[53] *Id.* at 1436.

Campaign's "educational travel plans . . . would be summarily rejected, its claims were ripe."[54] So in the Ninth Circuit, "[i]f denial is certain, review will not be barred based on ripeness."[55]

Polk's allegations give rise to the reasonable inference that his application for a limited-practice certificate will be either rejected or denied based on his intention not to move to Nevada. He alleges that Rule 49.1(2)(f) requires the limited-practice applicant to "[r]eside, or intend within the next six months to reside, within the State of Nevada."[56] He adds that he is a "legal resident of the state of Florida," "currently domiciled in Illinois," and has no "intention to reside in Nevada."[57] And he was told by Fernandez that "if you are not a resident of Nevada or do not intend to reside in Nevada within 6 months of submission of the limited-practice application, then you would not be eligible to apply under the rule."[58] So given that Polk does not meet the qualifications for limited-practice certification and he was told that his application would be denied, this court can firmly predict that his application—had he submitted one—would be denied. Amendment is thus not futile based on a lack of ripeness.

---

[54] *Montana Env't Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1191 (9th Cir. 2014) (citing *Freedom to Travel Campaign*, 82 F.3d at 1436).

[55] *Chang v. United States*, 327 F. 3d 911, 922 (9th Cir. 2003) (cleaned up). The Ninth Circuit has concluded that claims are not ripe only when it could not "make a firm prediction." *Montana Env't Info. Ctr.*, 766 F.3d at 1191. So in cases in which the plaintiff has failed to allege that an outcome "is inevitable or even particularly likely," the Ninth Circuit has declined to make a firm prediction and dismissed for lack of subject-matter jurisdiction. *Chang*, 327 F.3d at 922; *see also Safer Chemicals, Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 415 (9th Cir. 2019) (holding that, "because it is very uncertain whether EPA ever plans to do what [the] [p]etitioners fear, [their] alleged injury is too speculative at this time to establish Article III jurisdiction").

[56] ECF No. 28-1 at ¶ 13 (citing Nev. Sup. Ct. R. 49.1(2)(f)).

[57] *Id*. at ¶¶ 9, 12.

[58] *Id*. at ¶ 11.

### *4. Polk's phrasing in paragraph 22 does not plead him out of a claim.*

Finally, I address the defendants' bulkiest argument that Polk has "undercut[]" his ability to state a claim because he admits that it's his employer—not any of the defendants—who has "prevented [him] from applying for the unlimited practice of law in Nevada."[59] For this admission, they point to paragraph 22, which reads: "Polk intends and desires to practice law in Nevada for his employer in compliance with Nev. Supr. Ct. R. 49, but the same has blocked him from applying for the same."[60] The defendants argue that the first *the same* refers to Polk's employer, so it means that he "desires to practice law for his employer . . ., but [his employer] has blocked him from applying . . . ."[61] Polk in reply says that this "is not what [he] meant." The first *the same* refers instead to Rule 49.1, so it should be read to mean that *the rule* "has blocked him from applying" for limited-practice certification.[62]

For sure, the inartfully drafted sentence in paragraph 22 may be read either way. But the tie goes to Polk here because this court must construe the pleadings in the light most favorable to the plaintiff.[63] So I find that Polk has not pled himself out of a claim by admitting that he was prevented from applying by his employer and not because of the residency requirement in the limited-practice rule.

---

[59] ECF No. 30 at 4.

[60] ECF No. 28-1 at ¶ 22.

[61] ECF No. 30 at 4.

[62] ECF No. 32 at 2–3.

[63] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("When ruling on a motion to dismiss, we may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.' We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.") (internal citations omitted).

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 25] is GRANTED**, and the plaintiff's motion for leave to file a second-amended complaint **[ECF No. 28] is GRANTED IN PART**. Polk has 10 days to file a second-amended complaint in the format proposed at [ECF No. 28-1] as against Sydney Lisy and Richard M. Trachok II, in their official capacities only, and which clarifies the allegations in paragraph 22. No further edits are permitted.

_____
U.S. District Judge Jennifer A. Dorsey
February 28, 2025