UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Geoffrey Polk, | Case No.: 2:24-cv-00625-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Summary Judgment and Dismissing Case for Lack of Standing** |
| State Bar of Nevada, et al., | [ECF No. 45] |
| Defendants | |

In a series of decisions in the 1980s, the United States Supreme Court invalidated residency-based bar-admission requirements for lawyers.[1] All states, including Nevada,[2] subsequently eliminated such requirements.[3] But a few years ago, the Nevada Supreme Court restricted its limited-practice certification to residents only.[4] Based on that rule, the State Bar of Nevada advised Florida-based attorney Geoffrey Polk that he was likely ineligible for a limited-practice certification, dashing his dream to be licensed to practice law in every jurisdiction.[5] So Polk sues officers of the State Bar, claiming that the rule violates Article IV's Privileges and

---

[1] *Supreme Ct. of N.H. v. Piper*, 470 U.S. 274, 288 (1985); *Supreme Ct. of Va. v. Friedman*, 487 U.S. 59, 66 (1988); *Barnard v. Thorstenn*, 489 U.S. 546, 559 (1989).

[2] Stephen F. Smith, *History of the Nevada Bar Exam*, Nev. Law., October 2025, at 19 ("The Nevada Bar Exam previously had a residency requirement, which was eliminated as a result of *New Hampshire v. Piper*, 470 U.S. 274 (1985) in the late 1980s.").

[3] *Tolchin v. Supreme Ct. of N.J.*, 111 F.3d 1099, 1112 (3d Cir. 1997).

[4] *See* ECF No. 52-5 at 11 (State Bar petition to amend Rule 49.1) ("The limited practice certification is a privilege to applicants that is not afforded to those who take the bar examination; these applicants should reside in the state that grants the privilege").

[5] ECF No. 45-2 at 3; ECF No. 45-1 at ¶ 11.

1  Immunities Clause and United States Supreme Court precedent invalidating residency-based bar-
2  admission requirements.[6]

3      Polk now moves for summary judgment.[7]  The State Bar responds that this action is not
4  ripe because Polk never actually applied for the certification and asks for summary judgment in
5  its favor instead.[8]  I initially rejected this ripeness argument when the State Bar first raised it
6  because plainly applying the residency rule allowed me to firmly predict that Polk's application
7  would be rejected.[9]  But the State Bar has provided additional context—that Polk may seek a
8  remedy directly from the Nevada Supreme Court through a writ of exception.[10]  And based on
9  the availability of that procedure, I can no longer firmly predict the fate of Polk's application, so
10 it would be premature for this court to decide the merits of Polk's claims.  I thus dismiss this case
11 without prejudice to Polk's ability to pursue a remedy directly from the Nevada Supreme Court.

## Background

13     Generally, the Nevada Supreme Court requires those seeking to practice law in this state
14 to take the bar exam.[11]  But Nevada Supreme Court Rule 49.1 allows attorneys to obtain a
15 limited-practice certification in narrow circumstances.[12]  One way an attorney may qualify for
16 the limited-practice certification is to be "[e]mployed exclusively as an in-house counsel for a
17 single . . . business entity situated in or qualified to do business in Nevada, whose lawful

---

[6] ECF No. 45 at 6–12.
[7] *See generally id.*
[8] ECF No. 52 at 3.
[9] ECF No. 39 at 10.
[10] ECF No. 52 at 5–6; ECF No. 52-2 at ¶ 8.
[11] Nev. Sup. Ct. R. 51(k).
[12] Nev. Sup. Ct. R. 49.1.

business consists of activities other than the practice of law or the provision of legal services."[13] Subject to a few exceptions, attorneys licensed elsewhere may apply for this certification only if they "[r]eside, or intend within the next six months to reside, within the State of Nevada."[14]

When Polk asked the State Bar about Rule 49.1, the Assistant Director of Admissions informed him that he is ineligible for the limited-practice certification because he was not a Nevada resident and he did not intend to become one.[15] So Polk sued the State Bar, contending that Rule 49.1 violates Article IV's Privileges and Immunities Clause and the United States Supreme Court's decisions in *Supreme Court of New Hampshire v. Piper* and *Supreme Court of Virginia v. Friedman*, which invalidated similar requirements.[16]

Recognizing that the Eleventh Amendment bars any suit directly against the State Bar, Polk moved to amend his suit to sue the State Bar's officers instead.[17] The State Bar asserted, among other things, that because Polk had not actually applied for the certification, the dispute was not ripe and any amendment was futile.[18] But I granted the motion to amend, finding that Polk's claims were ripe because I could firmly predict that the State Bar would deny his

---

[13] Nev. Sup. Ct. R. 49.1(1)(h).
[14] Nev. Sup. Ct. R. 49.1(1), (2)(f).
[15] ECF No. 45-2 at 3; ECF No. 45-1 at ¶ 11.
[16] ECF No. 45 at 6–12; *see also Piper*, 470 U.S. at 277 n.1, 288 (holding that the requirement "that an applicant [must] either be a resident of New Hampshire or file a statement of intent to reside there" violated Article IV's Privileges and Immunities Clause); *Friedman*, 487 U.S. at 66–68 (allowing only residents to use an alternative pathway of admission in lieu of the bar exam violated Article IV's Privileges and Immunities Clause even when the bar exam provided a path for out-of-state residents).
[17] *See generally* ECF No. 28.
[18] ECF No. 25 at 10; ECF No. 30 at 8.

3

application based on Rule 49.1 and his communications with the Assistant Director of Admissions.[19]

Polk now moves for summary judgment, asserting that the State Bar cannot materially distinguish this case from *Piper* and its progeny.[20] The State Bar argues that I should "grant summary judgment in [its] favor"[21] and renews its ripeness argument, identifying a new wild card in the firm-prediction game: Polk can pursue a writ of exception from the Nevada Supreme Court if his application is denied.[22] The State Bar contends that the writ allows Nevada's High Court to waive admission requirements, and there is a "possibility" that it could be granted for Polk.[23]

## Discussion

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."[24] "[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."[25] The party asserting federal jurisdiction thus has the burden of establishing a case or controversy for Article III standing.[26] To do so, the party asserting federal jurisdiction must have "(1) suffered an injury in fact, (2) that is fairly traceable

---

[19] ECF No. 39 at 10.
[20] ECF No. 45 at 6–12.
[21] ECF No. 52 at 3.
[22] *Id.* at 5–6; ECF No. 52-2 at ¶ 8.
[23] ECF No. 52-2 at ¶¶ 8, 10.
[24] *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 37 (1976).
[25] *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).
[26] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).

4

to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[27]

An injury in fact requires that the case be "ripe" and "present issues that are definite and concrete, not hypothetical or abstract."[28] Cases are ripe under the firm-prediction rule if courts "can make a firm prediction that the plaintiff will apply for the benefit [at issue], and that the [deciding body] will deny the application by virtue of the [challenged] rule."[29] Generally, the denial must be "inevitable" or "nearly certain."[30] A "case is not ripe [if] the existence of the dispute itself hangs on future contingencies that may or may not occur."[31]

The State Bar previously moved to dismiss Polk's case, asserting that this court could not firmly predict the outcome of his application until he has applied for the certification and the State Bar has denied his application.[32] I rejected that argument because applying the plain language of Rule 49.1 allowed me to predict that Polk's application would be denied.[33] But the State Bar now provides additional context that clouds my crystal ball: even if Polk's application is rejected, he can seek relief from the Nevada Supreme Court through a writ of exception.[34] Indeed, within the State of Nevada, the "[a]uthority to admit to practice and to discipline is inherent and exclusive in the" Nevada Supreme Court,[35] which has recognized that it will set

---

[27] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[28] *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019).

[29] *Id.* at 415.

[30] *Mont. Env't Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1190 (9th Cir. 2014).

[31] *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996).

[32] ECF No. 25 at 10.

[33] ECF No. 39 at 10.

[34] ECF No. 52-2 at ¶¶ 8, 10.

[35] Nev. Sup. Ct. R. 39.

aside "the rules of admission whenever it can be demonstrated that the rules operate in such a manner as to deny admission to a petitioner arbitrarily and for a reason unrelated to the essential purpose of the rule."[36] And the United States Supreme Court made it clear in cases like *Schware v. Board of Bar Examiners of New Mexico* and *Piper* that a state court may not exclude applicants from the practice of law in a manner or for reasons that would violate the United States Constitution,[37] including Article IV's Privileges and Immunities Clause.[38]

Polk counters that a "speculative or permissive" avenue of relief does not make a claim unripe.[39] But a writ of exception is not speculative here because the Nevada Supreme Court has an "obligation to guard and enforce every right secured by [the United States] Constitution,"[40] and it would have a duty to set aside Rule 49.1's residency requirement if it violates Article IV's

---

[36] *Bennett v. State Bar of Nev.*, 746 P.2d 143, 148 (Nev. 1987) (quoting *Application of Nort*, 605 P.2d 627, 635 (Nev. 1980)); *see also* Nev. Sup. Ct. R. 72 ("If an applicant is notified that the applicant has failed to qualify in any particular other than failure to pass the written examination or the Multistate Professional Responsibility Examination the applicant shall have the burden of proof to satisfy the court that the applicant should be admitted.").

[37] *See Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 238–39 (1957) ("A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment.").

[38] *See Piper*, 470 U.S. at 277 (holding that New Hampshire state bar could not exclude non-residents from the practice of law under Article IV's Privileges and Immunities Clause).

[39] ECF No. 54 at 4.

[40] *Smith v. O'Grady*, 312 U.S. 329, 331 (1941) (quoting *Mooney v. Holohan*, 294 U.S. 103, 113 (1935)) ("That Constitution is the supreme law of the land, and 'Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution'"); *Hathorn v. Lovorn*, 457 U.S. 255, 269 (1982) (quoting *Stone v. Powell*, 428 U.S. 465 (1976)) ("State courts, like federal courts, have a constitutional obligation . . . to uphold federal law."); *Schware*, 353 U.S. at 239 ("a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action [violates the United States Constitution]").

Privileges and Immunities Clause—as many state supreme courts have.[41] The State Bar adds that "there is a possibility that the Nevada Supreme Court would grant a writ of exception to allow a non-resident" to practice under the limited-practice certification even if the rules "otherwise do not provide for it."[42] Because I cannot say with certainty that the Nevada Supreme Court will deny Polk's petition, and in light of the deference that the federal judiciary gives to the states to manage their own bar admissions,[43] I conclude that this dispute will not be ripe unless and until Polk has first sought writ relief from the Nevada Supreme Court.[44]

One final note about the proper vehicle for addressing this ripeness problem. The State Bar argues in its response brief that this court should resolve the ripeness issue by "grant[ing] summary judgment in [its] favor."[45] But "[r]ipeness is a threshold jurisdictional question; when

---

[41] *See, e.g.*, *Sargus v. W.V. Board of Law Exam'rs*, 294 S.E.2d 440, 446 (W.Va. 1982) (state supreme court invalidating its own residency requirement based on Article IV's Privileges and Immunities Clause); *Noll v. Alaska Bar Assn.*, 649 P.2d 241, 246 (Alaska 1982) (same); *Gordon v. Comm. on Character and Fitness*, 397 N.E.2d 1309, 1310 (N.Y. 1979) (same); *In re Jadd*, 461 N.E.2d 760, 766 (Mass. 1984) (same); *Matter of Rules Governing Admission to the Bar*, 692 S.W.2d 233, 233 (Ark. 1985) (same).

[42] ECF No. 52-2 at ¶¶ 8, 10.

[43] *Paciulan v. George*, 229 F.3d 1226, 1229 (9th Cir. 2000) ("States have traditionally enjoyed the exclusive power to license and regulate members of their respective bars."); *In re Primus*, 436 U.S. 412, 440 (1978) (Rehnquist, J., dissenting) ("[U]nder our federal system it is for the States to decide which lawyers shall be admitted to the Bar and remain there; this Court may interfere only if the State's decision is rendered impermissible by the United States Constitution."); *Clark v. Hatzenbuhler*, 927 F.2d 608 (9th Cir. 1991) ("[T]he Supreme Court has consistently held that the regulation and admission of persons seeking to appear before a state court is within the jurisdiction and discretion of that state.").

[44] *Cf. Piper*, 470 U.S. at 276 (reviewing case when plaintiff submitted a bar application, took the bar exam, and had her request for an exception denied before challenging the residency requirement); *Friedman*, 487 U.S. at 62 (reviewing case when plaintiff's application for admission on motion and request for an exception to the residency requirement were denied before challenging the residency requirement).

[45] ECF No. 52 at 3.

7

claims are unripe, the correct disposition is dismissal, not summary judgment."[46] A ripeness challenge is thus properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because it relates to a federal court's subject-matter jurisdiction.[47] So I construe the State Bar's summary-judgment request instead as a Rule 12(b)(1) motion to dismiss, and I dismiss this case without prejudice under Rule 12(b)(1) as unripe.[48]

## Conclusion

IT IS THEREFORE ORDERED that this case is **DISMISSED without prejudice**, Polk's motion for summary judgment **[ECF No. 45]** is **DENIED as moot**, and the Clerk of Court is directed to **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
October 23, 2025

---

[46] *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990) (cleaned up); *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Where subject-matter jurisdiction is lacking, dismissal, not summary judgment, is the appropriate disposition.").

[47] *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

[48] *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.").