**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Geoffrey Polk,

Plaintiff

v.

State Bar of Nevada, et al.,

Defendants

Case No.: 2:24-cv-00625-JAD-DJA

**Order Denying Motions to Amend or Alter Judgment**

[ECF Nos. 61, 72]

Nevada Supreme Court Rule 49.1(2)(f) restricts certain limited-practice certifications to Nevada residents only.[1] A state court, however, may not exclude applicants from the practice of law in a manner or for reasons that would violate the United States Constitution[2] and Article IV's Privileges and Immunities Clause.[3] So Geoffrey Polk sued the Nevada State Bar, contending that Rule 49.1 violates Article IV's Privileges and Immunities Clause and the United States Supreme Court's decisions invalidating similar residency requirements.[4]

But I determined that this dispute was not yet ripe for this court. Federal courts cannot adjudicate potential constitutional violations unless the dispute is "ripe" and "present[s] issues

---

[1] Nev. Sup. Ct. R. 49.1(2)(f); ECF No. 52-5 at 11 (State Bar petition to amend Rule 49.1) ("The limited practice certification is a privilege to applicants that is not afforded to those who take the bar examination; these applicants should reside in the state that grants the privilege.").

[2] *See Schware v. Bd. of Bar Exam'rs of N.M.*, 353 U.S. 232, 238–39 (1957) ("A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment.").

[3] *See Supreme Ct. of N.H. v. Piper*, 470 U.S. 274, 277 (1985) (holding that the New Hampshire State Bar could not exclude non-residents from the practice of law under Article IV's Privileges and Immunities Clause).

[4] ECF No. 45 at 6–12; *see also Piper*, 470 U.S. at 277 n.1, 288 (holding that the requirement "that an applicant [must] either be a resident of New Hampshire or file a statement of intent to

that are definite and concrete, not hypothetical or abstract."[5] While a case is ripe if the court can firmly predict the outcome of a challenged rule,[6] a "case is not ripe [if] the existence of the dispute itself hangs on future contingencies that may or may not occur."[7] Polk never actually applied for the limited-practice certification,[8] distinguishing this case from the United States Supreme Court cases that he relied on and in which the plaintiffs had applied, been rejected, and petitioned the state supreme court if available.[9] And several considerations ultimately led me to believe that I cannot predict the ultimate outcome of his application: he could effectively appeal any denial of his application to the Nevada Supreme Court, the Nevada Supreme Court wasn't given a chance to determine Rule 49.1's constitutionality, several state courts have held similar residency requirements unconstitutional, and representatives from the State Bar stated that the

---

reside there" violated Article IV's Privileges and Immunities Clause); *Supreme Ct. of Va. v. Friedman*, 487 U.S. 59, 66–68 (1988) (allowing only residents to use an alternative pathway of admission in lieu of the bar exam violated Article IV's Privileges and Immunities Clause even when the bar exam provided a path for out-of-state residents).

[5] *Safer Chems., Healthy Fams. v. U.S. Env't Prot. Agency*, 943 F.3d 397, 411 (9th Cir. 2019).

[6] *Id.* at 415.

[7] *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996).

[8] ECF No. 63-1 at ¶ 5.

[9] *See Piper*, 470 U.S. at 276 ("On May 13, 1980, the Clerk informed Piper that her request had been denied. She then formally petitioned the New Hampshire Supreme Court for permission to become a member of the bar . . . . The Supreme Court denied Piper's formal request on December 31, 1980."); *Friedman*, 487 U.S. at 61–62 ("In June 1986, Friedman applied for admission to the Virginia Bar on motion . . . . The Clerk wrote Friedman that her request had been denied. He explained that because Friedman was no longer a permanent resident of the Commonwealth of Virginia, she was not eligible for admission to the Virginia Bar pursuant to Rule 1A:1."). Polk asserts that the plaintiffs in these cases "challenged residency requirements after being informed they were facially ineligible." ECF No. 61 at 10. But that's incorrect; both had applied and been rejected. Piper also formally petitioned the New Hampshire Supreme Court for an exception before bringing a federal lawsuit. *Piper*, 470 U.S. at 276. Friedman directly requested that the Clerk of the Virginia Supreme Court provide an exception to the rule. *See Friedman*, 487 U.S. at 61–62.

Nevada Supreme Court may admit Polk regardless of Rule 49.1.[10] So I dismissed Polk's case without prejudice to his ability to apply for a limited-practice certification and pursue his state remedies.[11]

But instead of applying for that limited-practice certification, Polk filed a motion to alter or amend my ruling under Federal Rule of Civil Procedure 59(e) and an emergency writ of mandamus with the Nevada Supreme Court.[12] That writ was pending for 267 days before Polk withdrew it and renewed his motion in this court.[13] Procedural issues aside,[14] his motion requested that the court rejoin the clerk of the Nevada Supreme Court and issue a 10-day deadline to respond to his petition.[15] While I doubt that I have the power to grant such relief,[16]

---

[10] See ECF No. 59 at 4–8.

[11] *Id.* at 8.

[12] ECF Nos. 61, 61-1.

[13] ECF No. 72.

[14] Rule 59(e) allows the court to amend or alter a judgment, but the court has not issued a judgment in this case. Instead, the court dismissed this case without prejudice. ECF No. 59.

[15] ECF No. 61 at 15.

[16] This court has no means or very little means at this stage "to compel the Clerk" or the Nevada Supreme Court "to process [the application], respond to it, or ensure the Nevada Supreme Court acts on it within any reasonable timeframe," as Polk requests. ECF No. 61 at 7; *Demos v. U.S. Dist. Ct. For E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (noting that federal courts generally cannot "compel a state court to take or refrain from some action"); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 679 (7th Cir. 2010) (holding that "principles of equity, comity, and federalism compel [courts] to decline" to issue injunctions speeding up state court proceedings). Rather, the potential remedy in this situation is to enjoin Rule 49.1's enforcement if, among other things, Polk establishes that the Nevada Supreme Court will in fact enforce Rule 49.1. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 44 (2021). But as explained *infra*, Polk's concerns about having no forum, enforcement mechanism, or timeline are unfounded because too long of a delay will eventually make this dispute ripe in this court. *See Pub. Citizen Health Rsch. Grp. v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 32 (D.C. Cir. 1984).

Polk has now withdrawn his petition with the Nevada Supreme Court, so this request is seemingly moot.

Polk also contends that my ruling is erroneous because it "requires [him] to exhaust a remedy that has no basis in Nevada law and may not exist at all."[17] Polk attempts to analogize and distinguish the largely factually distinct Ninth Circuit cases governing the firm-prediction rule in his favor.[18] But it cannot seriously be disputed that the Nevada Supreme Court has the inherent power to admit attorneys[19] and to grant relief from its rules—even those that violate the United States Constitution.[20] The Nevada Supreme Court, and not the State Bar, has "[t]he ultimate responsibility for admission to the bar of Nevada,"[21] and procedural mechanisms exist

---

[17] ECF No. 61 at 4.

[18] *Id.* at 8–11.

[19] Nev. Sup. Ct. R. 39; *In re Galardi*, 367 P.3d 782, at *1 (Nev. 2010) (unpublished) ("The ultimate authority to admit an attorney to practice law in Nevada is 'inherent and exclusive' in [the Nevada Supreme Court].").

[20] *Bennett v. State Bar of Nev.*, 746 P.2d 143, 145 (Nev. 1987) ("[The Nevada Supreme Court] ha[s] recognized exceptions and waived the application of [its rules] whenever it can be demonstrated that the rules operate in such a manner as to deny admission to a petitioner arbitrarily and for a reason unrelated to the essential purpose of the rule." (cleaned up)). Polk contends that nothing suggests that the Nevada Supreme Court's "waiver authority extends to adjudicating facial constitutional violations, an assumption unsupported by *Bennett*, Nevada law, or federal precedent." ECF No. 61 at 10. But the Nevada Supreme Court has previously recognized in passing that it cannot deny an application in violation of the United States Constitution. *See, e.g.*, *In re Galardi*, 367 P.3d 782, at *1 ("A person cannot, however, be excluded from the practice of law in violation of due process or equal protection."). And if the Nevada Supreme Court were to disclaim such power, then Polk's case would become ripe in this court.

[21] *Petition of Waters*, 447 P.2d 661, 664 (Nev. 1968); *Petition of Schaengold*, 422 P.2d 686, 688 (Nev. 1967) ("We hold the Board of Bar Examiners in high regard and appreciate its untiring service to this court and to the Bar of Nevada. The ultimate responsibility [for attorney admissions], however, rests with [the Nevada Supreme Court].").

to petition State Bar determinations to the Nevada Supreme Court.[22] Under these circumstances, I cannot predict Polk's application's outcome.

So in order to gain standing, Polk must apply for a limited-practice certification under Rule 49.1 and include with his application a refusal to certify his intent to reside in Nevada. Second, that relief must be denied. And third, Polk must pursue a writ seeking an exception. If the writ has "no basis in Nevada law and [does not] exist at all," as Polk suggests, then his application's denial alone would make this dispute ripe.[23] But until then, this court lacks jurisdiction because it can only speculate on the outcome of his application.[24]

Polk also contends that this court's ruling trapped him in "an indefinite procedural maze."[25] But the Nevada Supreme Court cannot endlessly delay or refuse to decide his application. "At some point . . . delay amounts to a refusal to act, with sufficient finality and ripeness to permit judicial review."[26] But to date, Polk still has not pursued the steps laid out in my order. Instead, Polk immediately sought a writ of mandamus from the Nevada Supreme Court on a fairly complicated and arcane constitutional issue and then withdrew his petition after only about nine months. While I am sympathetic to Polk's frustrations, he has not yet shown

[22] ECF No. 63-1 at ¶ 7; Nev. R. App. P. 21.

[23] The writ's nonexistence would also raise other issues because the State Bar represented to this court that some form of writ procedure does in fact exist. *See* ECF No. 52-2 at ¶¶ 8, 10. But the State Bar specifies in its response brief that the office usually advices applicants to file a writ under Nevada Rule of Appellate Procedure 21. ECF No. 63-1 at ¶ 7.

[24] Nor would certification have been appropriate here, as Polk suggests. Certification is a method to resolve "[n]ovel, unsettled questions of state law," *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 79 (1997), not to adjudicate the merits of an attorney-admission application.

[25] ECF No. 61 at 4.

[26] *Pub. Citizen Health Rsch. Grp.*, 740 F.2d at 32.

that the Nevada Supreme Court will deny his application or endlessly delay it, and this court, bound by Article III, cannot adjudicate a dispute that is so speculative.

**Conclusion**

IT IS THEREFORE ORDERED that Polk's motions to amend or alter judgment **[ECF Nos. 61, 72]** are **DENIED**.

U.S. District Judge Jennifer A. Dorsey
July 28, 2026